IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOUGLAS SANDERS,**                                    Case No. 5:09 CV 1272

        Petitioner,                                    Judge Benita Y. Pearson

        v.                                    REPORT AND RECOMMENDATION

**BENNIE KELLY**, Warden,

        Respondent.                                    Magistrate Judge James R. Knepp II

## Introduction

*Pro se* Petitioner Douglas Sanders, a prisoner in state custody, filed a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a Return of Writ (Doc. 10),

with attached exhibits (Docs. 10-1 – 10-12), to which Petitioner filed a Traverse (Doc. 20). This

Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). This case was referred to the

undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons

stated below, the undersigned recommends the Petition be denied.

## Background

### *Factual Background*

        The Eleventh Appellate District of Ohio set forth the facts of this case on direct appeal.

These factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting

the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The

appellate court found:

> [¶ 6] The following facts were revealed at trial. In January 2002, a confidential
> informant who was working with the Portage County Sheriff's Department
> purchased drugs from Petitioner in exchange for money on nineteen different
> occasions. The transactions took place at Petitioner's residence. Officers assigned to

a special drug enforcement unit monitored the drug dealings between the confidential informant and Petitioner.

[¶ 7] During the initial buys, the confidential informant was equipped with audio surveillance, and on five occasions, he was outfitted with a hidden video camera to record the transactions. The confidential informant was searched prior to the buys, and although he was searched after the purchases, his mouth and shoes were not checked. Also, even though his car was inspected, the trunk and hood were not examined. After each purchase, the confidential informant was searched and the evidence was logged and taken to the police department.

[¶ 8] The Portage County Sheriff's Department secured a search warrant for Petitioner's residence on January 31, 2003, at 10:34 p.m. There was a no-knock provision in the warrant. A team of thirteen officers arrived at Petitioner's residence, entered and secured the home, and detained Petitioner. Petitioner was presented with the search warrant, and the house was searched. There was testimony at both the suppression hearing and at the trial that as the search took place, Petitioner was sitting in a chair handcuffed. Officers recovered two shotguns, a large amount of cocaine, a plate holding several pieces of crack cocaine, a round chunk of crack cocaine, razor blades, a considerable amount of money, and other drug related items.

[¶ 9] The jury returned with a verdict of guilty to: one count of possession of cocaine, a felony of the first degree; seventeen counts of trafficking in cocaine, all felonies of the fifth degree; one count of trafficking in drugs, a felony of the fourth degree; and one count of trafficking in cocaine, a felony of the first degree, which was count 23 as amended. The matter was referred to the probation department for a pre-sentence investigation and report.

(Ex. 19, Doc. 10-3, at 3-4); *State v. Sanders*, 2004 WL 2376014 (Ohio App. 11 Dist.).

***State Trial***

On February 6, 2003, a Portage County Grand Jury indicted Petitioner on one count of possession of cocaine, a first-degree felony; twenty-two counts of trafficking in cocaine, two specifications to each count, felonies of the second, fourth, and fifth degree; and two counts of having a weapon while under a disability, both fifth degree felonies. (Ex. 1, Doc. 10-1, at 1-49). On February 10, 2003, Petitioner, through counsel, entered a plea of not guilty to all charges. (Ex. 2, Doc. 10-1, at 50).

2

On March 4, 2003, Petitioner filed a motion and memorandum arguing any and all evidence seized during the search of Petitioner's residence should be suppressed. (Ex. 3, Doc. 10-1, at 51-55). The State dismissed count nine of the Indictment because there was no controlled substance. (Ex. 4, Doc. 10-1, at 56). At a suppression hearing March 31, 2003, the trial court overruled Petitioner's motion to suppress. (Ex. 5, Doc. 10-1, at 57-58).

On April 3, 2003, a grand jury indicted Petitioner in a supplemental indictment with three counts of aggravated possession of drugs. (Ex. 6, Doc. 10-1, at 59-61). The next day Petitioner, through counsel, pleaded not guilty to those charges and moved to bifurcate. The trial court granted bifurcation. (Ex. 7, Doc. 10-1, at 62). On April 7, the grand jury amended count 23 for trafficking in cocaine from a third degree felony to a first-degree felony. (Ex. 8, Doc. 10-1, at 63-64). The grand jury also supplemented the indictment with a second count of possession of cocaine, a third degree felony. (Ex. 9, Doc. 10-1, at 65-66).

A jury trial was held from April 8, through April 15, 2003. On April 14, Petitioner pleaded no contest to two counts of having weapons under disability. (Ex. 11, Doc. 10-1, at 68-69). On April 14, the trial court found Petitioner guilty of both counts of having weapons under disability. (Ex. 12, Doc. 10-1, at 70-71). On April 17, the jury found Petitioner guilty of one count of possession of cocaine, a felony of the first degree; seventeen counts of trafficking in cocaine, all felonies of the fifth degree; one count of trafficking in drugs, a felony of the fourth degree; and one count of trafficking in cocaine, a felony of the first degree. (Ex. 13, Doc. 10-1, at 72-73).

On May 23, 2003, the trial court sentenced Petitioner to serve nine years on both of the first degree felonies to run concurrently to each other; seven months for each of the fourth and fifth degree felonies to run consecutively to each other and consecutively to the nine year sentence for

the first degree felonies; six months for both counts of having a weapon under disability to be served concurrently to each other and concurrently to the other sentences. (Ex. 14 Doc. 10-1, at 74-77). In total, Petitioner received a sentence of nineteen and one-half years. (*Id.*) On September 5, 2003, the State nolled the three counts of aggravated possession of drugs. (Ex. 15, Doc. 10-1, at 78).

***Direct Appeal***

Petitioner filed a timely appeal to the Eleventh District Court of Appeals in Portage County, Ohio. (Ex. 16, Doc. 10-1, at 79-88). Petitioner assigned the following errors to the trial court:

1.      Failed to suppress evidence gathered via an invalid search warrant.

2.      Allowed several exhibits to be entered into evidence over the objections of defense counsel.

3.      Overruled his motion for acquittal made pursuant to Ohio Crim. Rule 29.

4.      Sentenced Petitioner to a definite term of imprisonment stemming from charges of similar import, without reviewing all of the statutory factors announced in Ohio Rev. Code § 2929.12.

5.      Failed to grant Petitioner a continuance to allow Petitioner's counsel time to prepare a defense to the numerous counts in the indictment.

Petitioner also argued he received ineffective assistance of trial counsel. (Ex. 17, Doc. 10-1, at 89-129). On October 22, 2004, the Court of Appeals affirmed the conviction, reversed the sentence, and remanded the case to the trial court for re-sentencing. (Ex. 19, Doc. 10-3, at 1-21).

On November 29, 2004, Petitioner, through appellate counsel, filed an appeal to the Ohio Supreme Court. (Ex. 20, Doc.10-3, at 22-23). Petitioner re-asserted the six grounds above. (Ex. 21, Doc. 10-3, at 24-35). On February 16, 2005, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Ex. 23, Doc. 10-3, at 52).

4

***Application for Reopening***

On January 24, 2005, Petitioner, acting *pro se*, filed his application for reopening pursuant to Appellate Rule 26(B)(1), setting forth a single error: "Due process of law was denied when the trial court failed to suppress the evidence gathered prior to the warrant." (Ex. 24, Doc. 10-3, at 53-135). Petitioner objected that the police did not provide him a copy of the search warrant until after the search began. (*Id.* at 57-59). The Court denied the application. (Ex. 25, Doc. 10-3, at 136-37).

***Re-sentencing***

On January 3, 2005, the trial court re-sentenced Petitioner. (Ex. 26, Doc. 10-3, at 138-39). The trial court sentenced Petitioner to the same term of years imposed on May 27, 2003.  (*Id.*). Petitioner, through different counsel, filed a motion for delayed appeal and a notice of appeal of the re-sentencing. (Exs. 27-28, Doc. 10-3, at 140-50). The Court of Appeals granted the motion for delayed appeal. (Ex. 29, Doc. 10-4, at 1-2). Petitioner argued the following errors:

1.      Whether the court properly imposed a nineteen and one-half year sentence.

2.      Whether the court properly imposed mandatory consecutive sentences under Ohio Rev. Code § 2929.14.

3.      Whether the court must give its reasons for making the specific finding before it can impose non-mandatory consecutive sentences under Ohio Rev. Code § 2929.14.

(Ex. 30, Doc. 10-4, at 3-75). The Court of Appeals vacated the sentence imposed by the trial court, and remanded the case to the trial court for sentencing pursuant to *State v. Foster*, 109 Ohio St. 3d 1, (2006). (Ex. 32, Doc. 10-5, at 61-65).

***Second Re-sentencing***

On May 30, 2006, Petitioner was re-sentenced and again received the same term of years. (Ex. 33, Doc. 10-5, at 66-68). On June 30, 2006, Petitioner *pro se* appealed his re-sentence. (Ex. 34,

5

Doc. 10-5, at 69-76). The State moved to dismiss the appeal because Petitioner failed to file a timely appeal. (Ex. 35, Doc. 10-5, at 77-78). Petitioner filed a reply and asked for an extension of time, which the court granted. (Ex. 36, Doc. 10-5, at 79-83). In his brief, Petitioner argued the trial court erred by imposing non-minimum, consecutive sentences in violation of Due Process and Ex Post Facto Clauses of the federal Constitution. (Ex. 38, Doc. 10-5, at 85-133). On October 22, 2007, the appellate court affirmed the trial court's sentence. (Ex. 41, Doc 10-6, at 61-65).

Petitioner filed a timely appeal to the Ohio Supreme Court. (Ex. 42, Doc 10-6, at 66-68). Petitioner clarified his contention, arguing the remedy "set forth in *State v. Foster,* 109 Ohio St. 3d 1 (2006), violated Ex Post Facto and Due Process Clauses" of the federal Constitution. (Ex. 43, Doc 10-6, at 69-89). On March 12, 2008, the Ohio Supreme Court dismissed the appeal. (Ex. 45, Doc 10-6, at 99).

***Habeas Corpus***

Petitioner filed the instant Petition on June 3, 2009, asserting six grounds for relief:

1.    Ineffective assistance of trial counsel.

2.    Error in sentencing.

3.    Failure to suppress evidence.

4.    Improperly permitting exhibits to be entered into evidence.

5.    Improper denial of motion for acquittal.

6.    Improper denial of a continuance to prepare his defense for trial.

(Doc. 1).

**Standard of Review**

When the basis for a federal habeas claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

**Discussion**

All of the grounds presented in the instant Petition are procedurally defaulted, not cognizable in a habeas proceeding, or without merit. Accordingly, the undersigned recommends denying the Petition.

*Ground One: Ineffective Assistance of Counsel*

Petitioner argues the ineffectiveness of his trial counsel prejudiced his constitutional rights. Petitioner contends counsel failed to request a change of venue and failed to call any of the witnesses who were present during the search of the residence. The benchmark for a claim of ineffectiveness of counsel is whether counsel's conduct "so undermined the proper functioning of the adversarial process" that the trial court could not have produced a just result. *Strickland v. Washington*, 466 U.S.

7

668, 686 (1984). To determine whether counsel's conduct was so egregious as to render the trial

fundamentally unfair, the petitioner must demonstrate two components. First, that counsel's

performance was deficient. Such a showing requires evidence that counsel made very serious errors.

*Id.* Second, the petitioner must demonstrate prejudice by showing counsel's actions made a reliable

trial result impossible. *Id.* Unless a petitioner makes *both* showings, the ineffective assistance of

counsel claim fails. *Id.* Moreover, there is a strong presumption counsel's conduct falls within

acceptable limits, so the burden is high. *Tibbetts v. Bradshaw,* 633 F.3d 426, 442 (6th Cir. 2011).

Petitioner argues his attorney should have requested a change of venue. The appellate court

found:

> [¶ 56] Although appellant contends prejudice must be presumed in this case when it
> became apparent that a fair number of potential jurors knew the judge, one of the
> parties to the case, someone connected with the case in some regard, or heard about
> the case in the news, the Ohio Supreme Court has stated, "[i]t is rare for a court to
> presume that a jury is prejudiced by pretrial publicity." [*State v. White,* 82 Ohio St.3d
> 16, 21 (1998).], citing *State v. Lundgren,* 73 Ohio St.3d 474, 479 (1995). The fact
> that prospective jurors have been exposed to pretrial publicity does not, in and of
> itself, demonstrate prejudice. "[P]retrial publicity – even pervasive, adverse publicity
> – does not invariably lead to an unfair trial." *White*, at 21. Accordingly, if "the record
> on voir dire establishes that prospective veniremen have been exposed to pretrial
> publicity but affirmed they would judge the defendant solely on the law and the
> evidence presented at trial, it is not error to empanel such veniremen." *Id.*
>
> [¶ 57]  The voir dire in this case revealed that five jurors were familiar with the
> court's bailiff, the attorneys, or appellant…It is our view that appellant has failed to
> prove that his counsel's performance was deficient in any manner. Further, appellant
> has failed to demonstrate any prejudice from the impaneled jury or present sufficient
> operative facts to show pretrial publicity prejudiced the jurors.

(Ex. 19, Doc. 10-3, at 17-18); *Sanders*, 2004 WL 2376014.

Petitioner also argues his attorney failed to present witnesses present during the search. On

this issue, the appellate court found:

8

[¶ 59]  In the present matter, appellant's trial attorney opted not to present the testimony of appellant's witnesses that appeared on his witness list.  Appellant's attorney must have been aware of their testimony and decided not to call them. There matters are all decisions left to counsel's discretion as ones within the ambit of trial strategy. We cannot presume that counsel's performance was deficient or that any such deficiency resulted in prejudice to appellant. Appellant has not shown that his counsel's failure to call the witnesses he claims would have assisted his defense would have changed the outcome of the trial. Therefore, absent prejudice, which is not shown, failure to call witnesses does not deprive a defendant of the effective assistance of counsel.

(Ex. 19, Doc. 10-3, at 18-19); *Sanders*, 2004 WL 2376014.

The record evidence is inadequate to warrant a finding of ineffective assistance of counsel. The appellate court's opinion indicates Petitioner wanted a change in venue because several of the jurors knew someone connected to the case personally. Even assuming first prong of the *Strickland* test is satisfied, there is no evidence of prejudice. If there is no evidence of prejudice, an ineffectiveness claim must fail. *See, e.g., U.S. v. Munoz*, 605 F.3d 359, 379 (6th Cir. 2010). The appellate court found no evidence of prejudice due to counsel's decision not to pursue a change of venue and this Court finds that decision was neither contrary to nor an unreasonable application of state law. Here, the failure to move to change venue does not rise to the level of a Sixth Amendment violation and therefore does not justify relief.

Likewise, on the issue of witnesses, the appellate court found Petitioner did not satisfy his burden of proof. A strategic decision cannot form the basis for an ineffectiveness claim unless the decisions is demonstrated as so "ill-chosen" that it negates the legitimacy of the entire trial. *Hughes v. U.S.*, 258 F.3d 453, 457 (6th Cir. 2001). Errors in tactics do not indicate constitutionally deficient counsel. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Courts must determine whether counsel made a "reasonable decision". *Id.*  In *United States v. Dyer*, 784 F.2d 812 (7th Cir. 1986), the court found the ineffectiveness challenge unwarranted, as it was based on the attorney's choice

9

to not have the defendant testify. 784 F.2d at 817. Here, Petitioner challenges a very similar trial tactic by his attorney. Choice of witnesses is a decision made by the attorney in the execution of trial. Unless the defendant demonstrates some indicia of prejudice caused by the attorney's decision, a court will not look into an attorney's tactical decisions. *Greer*, 264 F.3d at 676. The record indicates no such prejudice. The appellate court decision was therefore not contrary or an unreasonable application of state law.

Petitioner had an opportunity to supplement the record in post-conviction relief mechanisms provided by Ohio Revised Code § 2953.21. However, a petition for post-conviction relief must be filed within 180 days after the trial transcript is filed in the court of appeals. Rev. Code § 2953.21(A)(2). This period has expired for Petitioner. There are exceptions made for late filings – (1) petitioner was prevented from discovery of facts, or (2) clear and convincing evidence that no fact-finder could find the petitioner guilty exist. *Id.* at § 2953.23(A)(1)(a)-(b). Petitioner qualifies for neither of these exceptions. Petitioner would have been aware of the facts on which he premises his ineffective assistance of counsel arguments immediately following the trial. And there is enough evidence in the record that a reasonable fact finder could find him guilty of the crime. As such, he is barred from filing a petition for post-conviction relief. A petitioner who fails to comply with a state's procedural requirements procedurally defaults his right to habeas review on that ground. *Gravley v. Mills*, 87 F.3d 779, 784 (6th. Cir. 1996) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). Petitioner is therefore not entitled to try to develop the facts here. Petitioner's ineffective assistance of counsel claims are without merit. Ground One should be denied.

*Ground Two: Sentencing Error*

Petitioner alleges the trial court erred when sentencing him because the court did not review statutory factors as outlined in the Ohio Revised Code. To the extent that any alleged sentencing error violated Ohio state law, the claim is not cognizable in federal habeas review. For a claim to be cognizable, custody must be in violation of federal law or the federal Constitution, 28 U.S.C. § 2254(a), not state law. *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011). As stated in his Petition, Petitioner's second ground alleges only a violation of state law. Errors in state law are cognizable only if they result in a fundamentally unfair proceeding, thereby violating due process as guaranteed in the *federal* Constitution. *Powell v. Collins*, 332 F.3d 376, 396 (6th Cir. 2003). The question of whether the trial court failed to properly review statutory factors in Ohio Revised Code §§ 2929.12-2929.19 presents only a question of state law, and is thus not cognizable.[1]

In his Traverse, Petitioner claims that applying the *Foster* rule to his case and imposing consecutive sentences violates the Ex Post Facto Clause of the federal Constitution. (Doc. 20, at 9). The Sixth Circuit in *Hooks v. Sheets*, 603 3d 316 (6th Cir. 2010), addressed the issues of ex post facto application and due process concerns of retroactive application of *Foster.  Hooks* found *Foster* did not violate ex post facto or due process concerns under the facts presented. Granted, *Hooks* was specifically limited to its facts and did not reach the "broader question of whether re-sentencing under Foster ever violated the Due Process or Ex Post Facto clauses." *Hooks*, 603 F.3d at 321. However, the burden is on the Petitioner "to show that the state court applied [that case] to the facts

---

[1] The Court also notes that *Foster* excised the requirement that a trial court to find certain facts before imposing maximum or consecutive prison terms, and Petitioner was re-sentenced under the Ohio Supreme Court's decision in *Foster*.  109 Ohio St. 3d at 29.

11

of his case in an objectively unreasonable manner." *Stewart v. Wolfenbarger*, 595 F.3d 647, 663 (6th Cir. 2010) (internal quotation omitted). Petitioner has not done so. Additionally, courts within this district have previously repeatedly rejected due process and ex post facto challenges based on retroactive application of *Foster* in habeas cases. *See, e.g., Thompson v. Williams*, 685 F. Supp 2d 712, 723-27 (N.D. Ohio 2010); *Jenkins v. Trim*, 2011 WL 2472948 (N.D. Ohio).[2] The Court adopts the reasoning of these cases. Accordingly, Petitioner has failed to show that the state decision was contrary to or an unreasonable application of clearly established law as set forth by the Supreme Court. Thus, this claim fails.[3]

*Ground Three: Failure to Suppress Evidence*

Petitioner alleges the trial court erred when it failed to suppress the evidence gathered from his residence with an allegedly invalid search warrant. Where the state has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," a petitioner is not entitled to habeas relief on the ground that evidence from an improper search and seizure was introduced at trial. *Stone v.*

---

[2] The Ohio Supreme Court ruled in *State v. Hodge*, 128 Ohio St. 3d 1, 10-11 (2010), that *Oregon v. Ice*, 555 U.S. 160 (2009), did not overrule *Foster*. *Foster* remains good law until the Ohio General Assembly overturns it.

[3] To the extent Petitioner's Traverse also appears to argue a double jeopardy violation – that the trial court could not sentence him to consecutive terms on the possession and trafficking charges – such claim is defaulted as it was not fairly presented to the Ohio courts. The only time Petitioner raised this issue was on direct appeal from his first sentencing. (Ex. 17, Doc. 10-1, at 89-129). He did not raise it to the Ohio Supreme Court and additionally, Petitioner failed to raise the issue in his subsequent appeals of his first and second re-sentencings. Petitioner therefore did not "fairly present" the claim. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner cannot now raise this issues to the Ohio Supreme Court as he already appealed the appellate court's decision on other grounds, and any attempt to bring a subsequent appeal would be barred by *res judicata*. *State v. Cole*, 2 Ohio St. 3d 112, 113-4 (1982); *see also Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008) (holding Ohio's application of *res judicata* pursuant to *Cole* is an actually enforced, adequate and independent state ground on which Ohio state courts consistently refuse to review the merits of a defendant's claims).

*Powell*, 428 U.S. 465, 482 (1976). To determine whether a full and fair opportunity exists, a court must make two distinct inquiries. First, the court must determine, in the abstract, whether a state mechanism presents the opportunity for a full and fair litigation of the Fourth Amendment claim. Second, the court must determine whether presentation of the claim was actually frustrated. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).

Ohio has a procedural mechanism for raising evidentiary disputes in the form of a pre-trial motion to suppress evidence: Ohio Criminal Rule 12(C)(3). There is also an avenue to appeal to trial court's ruling on a motion to suppress. Ohio Appellate Rules 3-4. The first prong of the test is thus fulfilled. Further, the record indicates Petitioner took advantage of this procedural mechanism, filing a motion to suppress evidence obtained during the search. (Doc. 10-1, Ex. 3). There is no evidence in the record to suggest that the motion to suppress mechanism was frustrated.  Both parts of the test are fulfilled and therefore this ground is not cognizable. *Stone*, 428 U.S. at 482.

*Ground Four: Erroneously Admitted Evidence*

Petitioner alleges the trial court erred when it entered several exhibits into evidence over the objections of Petitioner's counsel. Inasmuch as the admission of evidentiary exhibits violates state law, this court cannot review the matter; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions". *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). A state court's violation of its own evidentiary law does not alone provide grounds for habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). However, if the entry of evidence is so prejudicial as to render the entire proceeding "fundamentally unfair", thereby denying due process under the Fifth and Fourteenth Amendments, a violation of federal law exists and is reviewable by this court. *Id.* at 519-20.

13

In making such a determination, the court considers the errors in the context of the entire record. *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990). This Court evaluates the whole trial for fairness to determine whether errors within the trial are so egregious as to render the outcome illegitimate. *Lundy v. Campbell*, 888 F.2d 467, 473 (6th Cir. 1989). In *Lundy*, the petitioner pointed to several actions of the prosecution that allegedly prejudiced the proceeding. The alleged violations included making inappropriate comments in front of the jury and inserting personal evaluations of the evidence into his closing argument. *Id.* at 475-77, 479. The court found the repeated episodes of impropriety from the prosecution did not create an illegitimate proceeding. *Id.* at 481. The trial may have been "procedurally imperfect" but it was not "fundamentally unfair". *Id.*

In the instant case, there is no indication that the trial was fundamentally unfair as a result of the evidence admitted. Admission is not improper simply because the judge overruled defense counsel's objections. Petitioner does not provide supporting facts or specific instances in which admission of evidence was improper. Petitioner provides no basis on which this court could determine the trial was fundamentally unfair. Errors must be of constitutional proportion to justify reversal in habeas review. *Payne v. Janasz*, 711 F.2d 1305, 1310 (6th Cir. 1983). Petitioner has not met this standard. Therefore, Ground Four has no merit.

*Ground Five: Erroneously Overruled Motion for Acquittal*

Petitioner alleges the court erred when it overruled his motion for acquittal pursuant to Ohio Criminal Rule 29 because the evidence is insufficient to prove every element of Petitioner's first-degree possession of cocaine and first-degree trafficking of cocaine charges beyond a reasonable doubt.  Inasmuch as the trial court may have violated an Ohio Criminal Rule, again this ground is not cognizable in federal habeas proceedings because habeas review does not extend to state-law

14

violations, *Estelle,* 502 U.S. at 68. Petitioner's ground, as presented, states no federal constitutional violation. However, because *pro se* pleadings are to be liberally construed, *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985), the Court will construe Ground Five as a challenge to the sufficiency of the evidence.

Ohio Criminal Rule 29 permits a trial court to grant acquittal if the evidence is insufficient to prove each element beyond a reasonable doubt. In a habeas action challenging the sufficiency of evidence, relief is granted only if, based on the evidence presented at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). A habeas court resolves all conflicting inferences in favor of the prosecution and cannot weigh credibility of witnesses. *Id.* at 319. If any rational trier of fact could find the defendant guilty, the court must not overturn the conviction. *Id.*

The appellate court, on this issue, found:

[¶ 40]   Applying this standard to the matter at hand, the state was required to present sufficient evidence to establish that appellant committed the offenses of possession of cocaine and trafficking in cocaine. The offense of possession is defined by R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession "means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). The offense of trafficking is defined by R.C. 2925.03(A)(1), which provides that "[n]o person shall knowingly sell or offer to sell a controlled substance".

[¶ 41]   Upon searching appellant's residence, a large quantity of drugs was found in a first floor bedroom. Since the cocaine was not found on appellant's person, we must determine whether he constructively possessed it. To establish constructive possession, the evidence must prove that appellant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332 (1976).

[¶ 42]   Here, there was evidence that appellant was present when the drugs were recovered from the bedroom, and he was close to the bedroom that contained them. Appellant had about $2,795 in his pocket at the time of his arrest. The residence

15

address where the drugs were recovered from was the same address as provided at the time of appellant's booking. Further, some of the money contained in appellant's pocket was the buy money provided to him by the confidential informant. There was also testimony from the confidential informant that he had seen appellant, who appeared to have just awakened, exit from the first floor bedroom on one prior occasion. Moreover, the officers were able to monitor through audio and video surveillance the buys between appellant and the confidential informant. Thus, we conclude that this evidence, although circumstantial, was sufficient to show appellant had constructive possession of the cocaine in the bedroom.

[¶43]  Therefore, the record in the instant matter contains substantial, credible evidence from which to conclude that the state had proved all elements of the charged crimes beyond a reasonable doubt, including that appellant had trafficked in cocaine and possessed cocaine. After viewing this evidence in a light most favorable to the state, this court concludes that any rational trier of fact could have found the essential elements of possession and trafficking proven beyond a reasonable doubt. The trial court properly denied appellant's motion for judgment of acquittal. Appellant's third assignment of error is not well-founded.

(Ex. 19, Doc. 10-3, at 11-12); *Sanders*, 2004 WL 2376014.

*Possession of Cocaine, First-Degree*

The elements of possession of cocaine are:

1.     Knowingly obtain, possess, or use a controlled substance. Rev. Code § 2925.11(A).

2.     The controlled substance is cocaine or a compound, mixture, preparation, or substance containing cocaine. Rev. Code § 2925.11(C).

3.     If the amount of the drug…equals or exceeds 25 grams but is less than 100 grams of crack cocaine, possession of cocaine is a felony of the first degree. Rev. Code § 2925.11(C)(4)(e).

"Knowingly" means being aware that one's conduct will "probably cause a certain result or will probably be of a certain nature." Rev. Code § 2901.22(B). "Possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Rev. Code.§ 2925.01(K). Physical possession is not required. *State v. Kobi*, 122 Ohio App. 3d, 160, 174

16

(6th Dist. 1997). Possession may be actual or constructive. *State v. Haynes*, 25 Ohio St. 2d 264, 269 (1971). To prove constructive possession, the evidence must show the defendant could "exercise dominion or control" over the substance. *State v. Wolery*, 4 Ohio St. 2d 316, 329 (1976). Dominion and control can be demonstrated through circumstantial evidence alone. *State v. Trembly*, 137 Ohio App. 3d 134, 141 (8th Dist. 2000).

The evidence presented was sufficient for a trier of fact to return a verdict of guilty on the charge of first-degree possession of cocaine. Detectives found crack cocaine and paraphernalia all over Petitioner's house, including in drawers in what was believed to be his bedroom. (Doc. 10-10, at 105). Some of the money the informant used to purchase the drugs from Petitioner was hidden next to crack cocaine. (*Id.* at 134). Despite the house being owned by Petitioner's deceased mother, many signs, including the information on Petitioner's driver's license and the address provided at booking, indicate he lived at the house. (Doc. 10-8, at 94). A rational trier of fact could adduce, based on the circumstantial evidence provided at trial, Petitioner was guilty of possession of crack cocaine. Petitioner was clearly aware of it, as it was all over his house and hidden next to his money (element one). (Doc. 10-10, at 105, 134). And scientists from the Bureau of Criminal Identification and Investigation testified it was crack cocaine (element two). (*See* Doc. 10-8, at 152). More than 25 grams of crack cocaine were found at Petitioner's house. (element three). (*Id.* at 151-52).

A reasonable jury could have found Petitioner guilty of possession of cocaine beyond a reasonable doubt, based on the evidence presented at trial and outlined above. *Jackson*, 443 U.S. at 324. Therefore, the appellate court's decision was neither contrary to nor an unreasonable application of federal law.

*Trafficking in Cocaine, First-Degree*

The elements of trafficking in cocaine are:

1.     Sell or offer to sell a controlled substance. Rev. Code § 2925.03(A)(1).

2.     If the drug involved . . . is cocaine. Rev. Cod § 2925.03(C)(4).

3.     If the amount of the drug . . . equals or exceeds 25 grams but is less than 100 grams of crack cocaine . . . trafficking in cocaine is a felony of the first degree. Rev. Code. § 2925.03(C)(4)(f).

The state provided sufficient evidence to convict, resolving all potential conflicting evidence in favor of the prosecution. The prosecution offered testimony from Officer Ricketson that he had been involved in over twenty drug buys between the informant and Petitioner. (Doc. 10-9, at 77). The informant indicated he bought crack cocaine from Petitioner on a number of occasions. (*See id.* at 129). The informant described his purchases (*Id.* at 134-35; Doc. 10-10, at 10) and testified that he watched others purchase drugs from Petitioner. (Doc. 10-9, at 142). Moreover, videos of the buys were created when the informant wore a small camera during the buys. (*Id.* at 153-55, 161-170; Doc 10-10, at 3-11). The scientists at the Bureau of Criminal Identification and Investigation testified the substance was crack cocaine. (Doc. 10-8, at 152). Detectives found some of their "buy money" in drawers with crack cocaine. (Doc. 10-10, at 134). Therefore, elements one and two of trafficking in cocaine are met because there is sufficient evidence to suggest Petitioner was prepared to sell the crack cocaine. More than 25 grams were found at Petitioner's house (element three). (Doc. 10-8, at 151-52), qualifying the trafficking offense for first-degree status.

A reasonable jury could have found Petitioner guilty of trafficking of cocaine beyond a reasonable doubt, based on the evidence presented at trial and outlined above. *Jackson,* 443 U.S. at 324. Therefore, the appellate court's decision was neither contrary to nor an unreasonable application of federal law.

18

*Ground Six: Erroneous Refusal to Grant Continuance*

Petitioner alleges an abuse of discretion by the trial judge when the judge failed to grant defense counsel a continuance. Federal courts do not sit as appellate courts to review abuses of discretion of state courts. *Bloss v. Michigan*, 421 F.2d 903, 906 (6th Cir. 1970). However, "when an error rises to the level of depriving the defendant of fundamental fairness in the trial process, the claim is remediable" by habeas relief. *Serra v. Mich. Dept. of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner has indicated nothing in the record suggesting he was prejudiced by the trial court refusing to grant a continuance. His attorney had time to prepare the case and provide a defense to Petitioner. Therefore, the trial court's decision to deny a continuance does not rise to the level of a federal issue and therefore is not cognizable.

## Conclusion and Recommendation

The Petition fails because all of its grounds are either procedurally defaulted, lack supporting evidence, or are not cognizable as violations of state-law.  There has been no demonstrated need for an evidentiary hearing. As such, the undersigned recommends the Petition be denied.

s/ James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

19