FILED

PEARSON, J.

2012 JUN 29  PM 5: 01

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS SANDERS, | ) | CASE NO. 5:09CV01272 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BENNIE KELLY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

Petitioner Douglas Sanders, proceeding *pro se*, is an inmate at Trumbull Correctional

Institution in Leavittsburg, Ohio, who has filed the instant cause of action pursuant to 28 U.S.C.

§ 2254 against Bennie Kelly seeking a writ of habeas corpus. ECF No. 1. Petitioner challenges

the constitutionality of his conviction–one count of possession of cocaine, a felony of the first

degree; seventeen counts of trafficking in cocaine, all felonies of the fifth degree; one count of

trafficking in drugs, a felony of the fourth degree; one count of trafficking in cocaine, a felony of

the first degree; and, two counts of "Having a Weapon Under Disability," felonies of the fifth

degree–and his nineteen and one-half years sentence. ECF Nos. 1; 10-1 at 72-77. Petitioner's

Petition sets forth six grounds for relief. ECF No. 1.

The case was automatically referred to Magistrate Judge James R. Knepp, II for

preparation of a Report and Recommendation.[1]  In his Report, the magistrate judge recommends

that the Court deny Petitioner's Petition. ECF No. 21. Petitioner timely filed objections to the

---

[1] The matter was referred to  Magistrate Judge James R. Knepp, II pursuant to Local Rule
72.2 and General Order 2011-2.

(5:09CV01272)

Report and Recommendation (ECF No. 22) addressing each ground for relief, Respondent has

filed a response (ECF No. 23).[2]  After receiving the Warden's response, Petitioner wrote a letter

to the Court that the Court broadly construes as a general objection his circumstances.  ECF No.

24.  It offers no new substantive information for the determination of the Petition.

 For the reasons provided herein, the Court adopts the Report and Recommendation and,

accordingly, dismisses Petitioner's Petition.

## I. Background

### A. Factual Background

 The Eleventh Appellate District of Ohio set forth the facts of this case on direct appeal.

These factual findings "shall be presumed to be correct," and Petitioner has "the burden of

rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §

2254(e)(1). The appellate court found:

> [¶ 6] The following facts were revealed at trial.  In January 2002, a confidential
> informant who was working with the Portage County Sheriff's Department
> purchased drugs from Petitioner in exchange for money on nineteen different
> occasions. The transactions took place at Petitioner's residence. Officers assigned
> to a special drug enforcement unit monitored the drug dealings between the
> confidential informant and Petitioner.
>
> [¶ 7] During the initial buys, the confidential informant was equipped with audio
> surveillance, and on five occasions, he was outfitted with a hidden video camera
> to record the transactions. The confidential informant was searched prior to the
> buys, and although he was searched after the purchases, his mouth and shoes were
> not checked. Also, even though his car was inspected, the trunk and hood were
> not examined. After each purchase, the confidential informant was searched and
> the evidence was logged and taken to the police department.

---

[2]  ECF No. 23 is incorrectly docketed as a "sur-reply."

(5:09CV01272)

> [¶ 8] The Portage County Sheriff's Department secured a search warrant for Petitioner's residence on January 31, 2003, at 10:34 p.m. There was a no-knock provision in the warrant. A team of thirteen officers arrived at Petitioner's residence, entered and secured the home, and detained Petitioner. Petitioner was presented with the search warrant, and the house was searched. There was testimony at both the suppression hearing and at the trial that as the search took place, Petitioner was sitting in a chair handcuffed. Officers recovered two shotguns, a large amount of cocaine, a plate holding several pieces of crack cocaine, a round chunk of crack cocaine, razor blades, a considerable amount of money, and other drug related items.

> [¶ 9] The jury returned with a verdict of guilty to: one count of possession of cocaine, a felony of the first degree; seventeen counts of trafficking in cocaine, all felonies of the fifth degree; one count of trafficking in drugs, a felony of the fourth degree, and one count of trafficking in cocaine, a felony of the first degree, which was count 23 as amended. The matter was referred to the probation department for a pre-sentence investigation and report.

ECF No. 10-3 at 3-4.

**B. Procedural Background**

In 2003, a Portage County Grand Jury indicted Petitioner on one count of possession of cocaine, a first-degree felony; twenty-two counts of trafficking in cocaine, two specifications to each count, felonies of the second, fourth, and fifth degree; and two counts of having a weapon while under a disability, both fifth degree felonies. ECF No. 10-1 at 1-49. Petitioner, through counsel, entered pleas of not guilty to all charges. ECF No. 10-1 at 50. Petitioner filed a motion to suppress all evidence seized during the search of his residence. ECF No. 10-1 at 51-55. At the suppression hearing, the trial court denied Petitioner's motion to suppress. ECF No. 10-1 at 57-58.

In a supplemental indictment, a grand jury indicted Petitioner on three counts of aggravated possession of drugs. ECF No. 10-1 at 59-61. The next day, Petitioner,

3

(5:09CV01272)

through counsel, pleaded not guilty to those charges and moved to bifurcate. The trial court

granted bifurcation. ECF No. 10-1 at 62.

At trial, Petitioner pleaded no contest to two counts of having weapons under disability.

ECF No. 10-1 at 68-69. The trial court found Petitioner guilty of both counts of having weapons

under disability. ECF No. 10-1 at 70-71. The jury found Petitioner guilty of one count of

possession of cocaine, a felony of the first degree; seventeen counts of trafficking in cocaine, all

felonies of the fifth degree; one count of trafficking in drugs, a felony of the fourth degree; and

one count of trafficking in cocaine, a felony of the first degree. ECF No. 10-1 at 72-73.

The trial court sentenced Petitioner to serve concurrently nine years on both of the first

degree felonies; seven months consecutively for each of the fourth and fifth degree felonies and

consecutively to the nine year sentence for the first degree felonies; six months concurrently for

both counts of having a weapon under disability and concurrently to the other sentences. ECF

No. 10-1 at 74-77. In total, Petitioner received a sentence of nineteen and one-half years. ECF

No. 10-1 at 74-77.

Petitioner filed a timely appeal to the Eleventh District Court of Appeals in Portage

County, Ohio. ECF No. 10-1 at 79-88. Petitioner assigned the following errors to the trial court:

> 1. Failed to suppress evidence gathered *via* an invalid search warrant.
>
> 2. Allowed several exhibits to be entered into evidence over the objections of defense counsel.
>
> 3. Overruled his motion for acquittal made pursuant to Ohio Crim. Rule 29.
>
> 4. Sentenced Petitioner to a definite term of imprisonment stemming from charges of similar import, without reviewing all of the statutory factors announced in Ohio Rev. Code § 2929.12.

4

(5:09CV01272)

     5. Failed to grant Petitioner a continuance to allow Petitioner's counsel time to
prepare a defense to the numerous counts in the indictment.

Petitioner also argued he received ineffective assistance of trial counsel. ECF No. 10-1 at 89-

121. The Court of Appeals affirmed the conviction, reversed the sentence, and remanded the

case to the trial court for re-sentencing. ECF No. 10-3 at 1-21. Petitioner, through appellate

counsel, filed an appeal to the Supreme Court of Ohio, and re-asserted the challenges stated

above. ECF No. 10-3 at 22-23. The Supreme Court of Ohio denied leave and dismissed the

appeal as not involving any substantial constitutional question. ECF No. 10-3 at 52.

     Petitioner, acting *pro se*, filed an application for reopening pursuant to Appellate Rule

26(B)(1), setting forth a single error: "Due process of law was denied when the trial court failed

to suppress the evidence gathered prior to the warrant." ECF No. 10-3 at 53-135. Petitioner

objected that the police did not provide him a copy of the search warrant until after the search

began. ECF No. 10-3 at 57-59. The application for reopening was denied. ECF No. 10-3 at

136-37.

     At re-sentencing, the trial court reimposed the same nineteen and one-half year sentence.

ECF No. 10-3 at 138-39. Petitioner, through different counsel, filed a motion for delayed appeal

and a notice of appeal of the re-sentencing. ECF No. 10-3 at 140-50. The Court of Appeals

granted the motion for delayed appeal. ECF No. 10-4 at 1-2. Petitioner argued the following

errors:

     1. Whether the court properly imposed a nineteen and one-half year sentence.

     2. Whether the court properly imposed mandatory consecutive sentences under
Ohio Rev. Code § 2929.14.

(5:09CV01272)

> 3. Whether the court must give its reasons for making the specific finding before it can impose non-mandatory consecutive sentences under Ohio Rev. Code § 2929.14.

ECF No. 10-4 at 3-75. The Court of Appeals vacated the re-sentence imposed by the trial court, and remanded the case to the trial court for sentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006). ECF No. 10-5 at 61-65.

Petitioner was re-sentenced a second time and, again, given the same term of years. ECF No. 10-5 at 66-68. Petitioner, *pro se*, appealed his second re-sentencing. ECF No. 10-5 at 69-76. In response, the State moved to dismiss the appeal because Petitioner had failed to file a timely appeal. ECF No. 10-5 at 77-78. The appellate court affirmed the trial court's final sentence. ECF No. 10-6 at 61-65. Petitioner filed a timely appeal to the Supreme Court of Ohio. ECF No. 10-6 at 66-68. The Supreme Court of Ohio dismissed the appeal. ECF No. 10-6 at 99.

### C. Grounds for Relief

Petitioner filed the instant petition for a writ of habeas corpus, presenting six grounds for relief:

> 1. Ineffective assistance of trial counsel.
>
> 2. Error in sentencing.
>
> 3. Failure to suppress evidence.
>
> 4. Improperly permitting exhibits to be entered into evidence.
>
> 5. Improper denial of motion for acquittal.
>
> 6. Improper denial of a continuance to prepare his defense for trial.

ECF No. 1.

6

(5:09CV01272)

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to the Magistrate Judge's Report and

Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3).

A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has
> been properly objected to. The district judge may accept, reject, or modify the
> recommended disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

*Id*.

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate

judge's Report to which Petitioner has properly objected.

## III. Law & Analysis

To permit federal judicial resources to focus on only the most compelling cases, a

petitioner must successfully pass through several procedural gateways to qualify for federal

review. The relevant gateways and their application to the instant petition are provided below.

### A. Jurisdiction

Writs of habeas corpus may be granted by a district court within its respective

jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody
> under the judgment and sentence of a State court of a State which contains two or
> more Federal judicial districts, the application may be filed in the district court for
> the district within which the State court was held which convicted and sentenced
> him and each of such district courts shall have concurrent jurisdiction to entertain
> the application.

7

(5:09CV01272)

28 U.S.C. § 2241(d).

Petitioner was convicted in the Court of Common Pleas for Portage County, Ohio within the Northern District of Ohio and remains incarcerated.[3] ECF No. 1. The Court, therefore, has jurisdiction over the Petition.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for federal habeas petitions filed by prisoners challenging state-court convictions after its April 24, 1996, effective date. 28 U.S.C. § 2244(d); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). The provisions of the AEDPA are controlling herein as the instant petition was filed after the Act's effective date. *Lindh v. Murphy*, 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Petitioner's Petition was timely filed in accordance with 28 U.S.C. § 2244(d).

### C. Exhaustion and Procedural Default

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his State court remedies by fairly presenting all of his constitutional claims to the highest State court, and to all appropriate state courts prior to that, so that the State is given the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 1731 (1999); *Lyons v. Stovall*, 188 F.3d 327, 331 (6th Cir. 1999).

---

[3] *See* Ohio Department of Rehabilitation and Correction, http://www.drc.ohio.gov (last visited June 28, 2012).

8

(5:09CV01272)

Procedural default occurs when the petitioner fails to fairly present his federal constitutional claim to the State courts in the manner required by state law. *Wainwright v. Sykes,* 433 U.S. 72, 86-87 (1977); *Engle v. Isaac,* 456 U.S. 107 (1982). The failure to present a claim constitutes a waiver of the argument, unless the petitioner can present cause for the default and actual prejudice from the constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

Normally, a federal habeas court will consider default in the State courts to have occurred if the last "reasoned [S]tate judgment rejecting a federal claim" makes a plain statement of such state procedural default. *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991). No such statement is necessary if the relevant issues were not presented at all to the state court(s). *Harris v. Reed,* 489 U.S. 255, 263 n.9 (1989).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986):

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> (* * *)
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction.
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner

9

(5:09CV01272)

> must demonstrate under *Sykes* that there was "cause" for him to not follow the
> procedural rule and that he was actually prejudiced by the alleged constitutional
> error.

*Id*. (internal citations omitted).

A petitioner can show cause if he proves "some objective factor external to the defense

[that] impede[s] counsel's efforts to comply with the State's procedural rule." *Coleman v.*

*Thomas*, 501 U.S. 722, 753 (1991) (internal citations omitted).  Demonstrating "prejudice"

requires a showing of a disadvantage "infecting" the trial with constitutional error. *United States*

*v. Frady*, 456 U.S. 152, 170 (1982).

As discussed below, the grounds raised in the Petition are procedurally defaulted, not

cognizable or without merit.  The objections, which are overruled below, are unable to change

that result.

### D. Review on the Merits

A district court may grant a writ of habeas corpus if a petitioner can show that the State's

adjudication of his claims on the merits (1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.  28 U.S.C. § 2254(d).  Under the "contrary to" provision, a federal habeas court

should grant the writ "if the state court arrived at a conclusion 'opposite to that reached by [the

Supreme] Court on a question of law or if the state court decides a case differently than [the

Supreme] Court has on a set of materially indistinguishable facts.'" *Boykin v. Webb*, 541 F.3d

10

(5:09CV01272)

638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146

L.Ed.2d 389 (2000)). Under the "unreasonable applications" clause, a habeas court may grant the

writ if the state court identified the correct legal principle from the Supreme Court's decisions

but unreasonably applied that principle to the petitioner's case. *Boykin*, 541 F.3d at 642 (citing

*Williams*, 529 U.S. at 412-13).

### 1. Ground One: Ineffective Assistance of Counsel

Upon reviewing an ineffective assistance of counsel claim, a court must engage in the

following two-part inquiry:

> First, the defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
> Second the defendant must show that the deficient performance prejudiced the
> defense. This requires a showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Unless a

petitioner makes both showings, the ineffective assistance of counsel claim fails. *Id.* at 686.

Moreover, there is a strong presumption counsel's conduct falls within acceptable limits, so the

burden is high. *Tibbetts v. Bradshaw*, 633 F.3d 426, 442 (6th Cir. 2011). In his objections,

Petitioner alleges numerous occasions upon which counsel was ineffective. The Court addresses

each allegation to determine whether habeas relief is appropriate.

### a. Alternate Jurors

Petitioner asserts that he was denied effective assistance of counsel when trial counsel

11

(5:09CV01272)

failed to challenge the impanelment of Amy McCullough and Mark Hairston as alternate jurors.[4]
ECF Nos. 22 at 1; 10-3 at 17-18.  Amy McCullough and the prosecutor in this case, Fran
Ricciardi, personally knew each other.  ECF No. 10-7 at 12, 66-67.  The prosecutor asked
McCullough whether knowing each other would "in any way affect [her] ability to be fair and
impartial?"  ECF No. 10-7 at 67.  McCullough responded that she did not think so, and further
explained that while she "did go to school with [the prosecutor's] daughter, [that] was quite a
long time ago.  Third grade, kindergarten to third grade."  ECF No. 10-7 at 67.  Petitioner's trial
counsel, Tom Sicuro, did not ask McCullough any questions about her relationship with the
prosecutor.  Counsel passed for cause and McCullough was seated as an alternate juror.  ECF No.
10-7 at 68.

During *voir dire*, Hairston admitted that he knew Petitioner, Petitioner's family, and was
"familiar with both the attorneys."  ECF No. 10-7 at 68.  In light of this information, the trial
judge then asked whether Hairston felt that "it would affect [his] ability to be fair and impartial in
this case?"  ECF No. 10-7 at 68.  Hairston replied, "No, sir."  ECF No. 10-7 at 68.  The
prosecutor had the following exchange with Hairston:

> Mr. Ricciardi:  And you and I know each other fairly well, is that fair to say?
>
> Juror:          Yes.
>
> Mr. Ricciardi:  You indicated that you know [Petitioner], his family quite well?
>
> Juror:          Yes.  In a small town like Ravenna often the case, unfortunately
>                 sometimes thrown into the circumstances we have to do something we

---

[4] Because Petitioner is proceeding *pro se*, the Court construes his filings liberally.  *Spotts v. U.S.*, 429 F.3d 248, 250 (6th Cir. 2005) (internal citations omitted).

(5:09CV01272)

> may not relish doing.
>
> Mr. Ricciardi: Is that going to make it difficult for you to sit here, the fact you do know [Petitioner's] family so well, would that be problematic for you?
>
> Juror: Not on the situation of [Petitioner]. I would like to let it be known I do have a true belief against drugs in the streets and that may cause some problem but as far as a person to [Petitioner], no.
>
> Mr. Ricciardi: But as far as your beliefs as to drugs on the street, would that make it hard for you to be fair and impartial in this matter?
>
> Juror: I have been sitting there thinking of that back and forth. I cannot say yes or no to that. I am sure would be part of my thinking.
>
> Mr. Ricciardi: Would you promise to listen to all the evidence as presented in this case before you make a decision?
>
> Juror: Yes.
>
> Mr. Ricciardi: Do you understand that what is at stake here is very important to [Petitioner] and deals with his guilt or innocence as opposed to what your opinion about drugs might be?
>
> Juror: Yes, I do.
>
> Mr. Ricciardi: And given that do you think you could be fair and impartial?
>
> Juror: Yes.
>
> Mr. Ricciardi: Pass for cause.

ECF No. 10-7 at 69-70. Petitioner's counsel explained that he does not have any question for Hairston and passed for cause. ECF No. 10-7 at 71. Hairston was seated as an alternate juror. ECF No. 10-7 at 71.

In *Strickland*, the United State Supreme Court explained that courts are not required to "address both components of the inquiry if the defendant makes an insufficient showing on one."

13

(5:09CV01272)

*Strickland, 466 at 697, 104 S.Ct. 2052*. For example, a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id*. Because "it is easier to dispose of [Petitioner Sanders'] ineffectiveness claim on the ground of lack of sufficient prejudice," the Court does not determine whether trial counsel's performance was deficient. *Id*.

To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, 466 U.S. at 694, 104 S.Ct. 2052*. *Strickland* defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id*. To show prejudice arising out of trial counsel's failure to challenge a juror, however, Petitioner must show that the juror was biased against him.[5] *Johnson v. Luoma, 425 F.3d 318, 328 (6th Cir. 2005)*. Bias may be actual or implied. *Id. at 326*. "Actual bias is bias in fact–the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *Hughes v. United States, 258 F.3d 453, 463 (6th Cir. 2001)* (internal citations and quotations omitted). A court may presume or imply bias "only where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances."[6] *Id*. (quoting *Person v. Miller, 854 F.2d*

---

[5] If a biased juror was impaneled, "prejudice under *Strickland* is presumed, and a new trial is required." *Hughes v. United States, 258 F.3d 453, 463 (6th Cir. 2001)*.

[6] Examples of such a relationship are "that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction." *Smith v. Phillips, 455 U.S. 209, 222, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982)*.

14

(5:09CV01272)

656, 664 (4th Cir. 1988)).

In the instant matter, Petitioner's objection is limited to the alternate jurors' relationship with the prosecutor. ECF No. 22 at 1. Petitioner, however, fails to show prejudice through actual or implied bias. ECF No. 22 at 1. In his objection, Petition conclusively states that the alternate jurors' "friends[hip]" with the prosecutor equates to prejudice. ECF No. 22 at 1. In addition to Petitioner failing to meet his burden of showing prejudice, the record does not indicate that the alternate jurors' relationship with the prosecutor rose to the level of an extreme or exceptional case where bias is conclusively presumed. The record reflects that McCullough and Hairston could remain fair and impartial in their deliberations under the circumstances. ECF No. 10-7 at 67, 69-70. Moreover, the record does not suggest that either alternate juror participated in deliberations. Considering McCullough's and Hairston's promise to be impartial coupled with the lack of evidence indicating actual bias, the Court agrees with the appellate court's finding that Petitioner "failed to demonstrate any prejudice from the impaneled jury or present sufficient operative facts to show pretrial publicity prejudiced the jurors." ECF Nos. 10-3 at 18; 21 at 8. Therefore, absent actual or implied bias, Petitioner cannot demonstrate prejudice from the seating of McCullough and Hairston as alternate jurors.

### b. Failure to Call Witness

Petitioner argues that he was denied effective assistance of counsel when trial counsel failed to call a witness who confessed that the drugs belonged to him. ECF No. 22 at 2.

To properly evaluate counsel's tactical reasons for trial conduct, the court must "reconstruct the circumstances of counsel's challenged conduct, and . . . evaluate the conduct

15

(5:09CV01272)

from counsel's perspective at the time" of trial. *Caldwell v. Lewis*, Case Nos. 08-5156, 08-5157, 2011 WL 915764, *7 (6th Cir. Mar. 16, 2011) (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). A reviewing court's focus must be "on the reasonableness of decisions when they were made, not on how reasonable those decisions seem in retrospect." *Caldwell*, 2011 WL 915764 at *7 (internal citations omitted). Despite the alleged deficiencies, a petitioner must also show that had the witness at issue testified, the result of petitioner's trial would have been different with a "probability sufficient to undermine the confidence in the outcome." *Avery v. Prelesnik*, 548 F.3d 434, 438 (6th Cir. 2008) (quoting *Strickland*, 466 U.S. at 694).

Counsel's decision not to call a witness who allegedly confessed that the drugs found in Petitioner's residence belonged to him was reasonable because Petitioner never identified the witness, and Petitioner has not demonstrated that counsel knew of the witness at the time of trial. ECF No. 23 at 6. Additionally, Petitioner cannot show that the result of his trial would have been different with a "probability sufficient to undermine the confidence in the outcome" because there is no real evidence that the drugs belonged to the witness.

The Court may only grant habeas relief to Petitioner if it finds that the State court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner has failed to allege a violation of either type.

### c. Post-Conviction

Petitioner avers that counsel was ineffective because counsel "did not properly advise

16

(5:09CV01272)

[P]etitioner at a critical stage" to use post-conviction mechanisms upon which Petitioner relied.

ECF No. 22 at 2. In the Report, the magistrate judge correctly found that Petitioner's ineffective

assistance of counsel claim regarding post-conviction is procedurally barred by explaining the

following:

> Petitioner had an opportunity to supplement the record in post-conviction relief
> mechanisms provided by Ohio Revised Code § 2953.21. However, a petition for
> post-conviction relief must be filed within 180 days after the trial transcript is
> filed in the court of appeals. Rev. Code § 2953.21(A)(2). This period has expired
> for Petitioner. There are exceptions made for late filings–(1) petitioner was
> prevented from discovery of facts, or (2) clear and convincing evidence that no
> fact-finder could find the petitioner guilty exist. *Id.* at § 2953.23(A)(1)(a)-(b).
> Petitioner qualifies for neither of these exceptions. Petitioner would have been
> aware of the facts on which he premises his ineffective assistance of counsel
> arguments immediately following the trial. And there is enough evidence in the
> record that a reasonable fact finder could find him guilty of the crime. As such, he
> is barred from filing a petition for post-conviction relief. A petitioner who fails to
> comply with a state's procedural requirements procedurally defaults his right to
> habeas review on that ground. *Gravley v. Mills*, 87 F.3d 779, 784 (6th. Cir. 1996)
> (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). Petitioner is therefore not
> entitled to try to develop the facts here.

ECF No. 10 at 19. The Court is therefore procedurally foreclosed from considering Petitioner's

objection regarding post-conviction relief under Ground One.

### d. New Arguments

Petitioner contends that he was denied the effective assistance of counsel when counsel

failed to raise a Fourth Amendment violation and object to the prosecution showing the jury

video tapes of Petitioner's house "raided by [the] police." ECF No. 22 at 2.

According to the Sixth Circuit, "[c]ourts have held that while the Magistrate Judge Act,

28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed,

absent compelling reasons, it does not allow parties to raise at the district court stage new

17

(5:09CV01272)

arguments or issues that were not presented to the magistrate [judge]." _Murr v. U.S._, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (internal citations omitted); _Becker v. Clermont Cnty. Prosecutor_, Case No. 10-4342, 2011 WL 5061410, at *2 (6th Cir. Oct. 25, 2011) ("[T]his request was not made until he filed objections to the magistrate judge's report and recommendation, and need not be considered by this court because it was not first presented to the magistrate judge for consideration."); _The Glidden Co. v. Kinsella_, Case No. 09-3599, 2010 WL 2803944, at *8 (6th Cir. July 15, 2010).

Because Petitioner failed to raise his arguments regarding counsel's failure to raise a Fourth Amendment violation and object to the prosecution showing the jury videotapes of Petitioner's house "raided by [the] police" before the magistrate judge, his objections are not properly before the Court.

Petitioner's objections to the Report and Recommendation regarding Ground One are overruled.

### 2. Ground Two:  Error in Sentencing

#### a.

In Ground Two, Petitioner contends that the trial court committed a sentencing error by failing to consider that "[p]rior to committing the offense, the offender had led a law-abiding life for a significant number of years[,]" under R.C. § 2929.12(E)(3).  ECF No. 22 at 3.

A federal court may review a State prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a

18

(5:09CV01272)

perceived error of [S]tate law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional State appellate court reviewing State courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a [S]tate court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

### b.

Petitioner claims that the State court, upon resentencing, committed constitutional error by reimposing "sentencing statutes found to be unconstitutional" under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006). ECF No. 22 at 3. By retroactively applying *Foster*, Petitioner assets that the State court violated the *Ex Post Facto* and Due Process Clauses of the United States Constitution. ECF No. 22 at 3.

*Foster* struck down certain provisions of Ohio's sentencing guidelines that permitted sentencing enhancements based on judicial fact-finding. The Supreme Court of Ohio severed the two unconstitutional enhancements–Ohio Revised Code §§ 2929.19(B)(2) and 2929.14(E)(4)–related to consecutive sentences in Ohio's sentencing guidelines. *Foster*, 109 Ohio St. 3d at 29-30. That Court then held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at

19

(5:09CV01272)

30. The *Foster* court also ordered that all cases pending on direct review were to be remanded for new sentencing hearings not inconsistent with the *Foster* opinion.  *Id.* at 31.  In the instant matter, the State court vacated and remanded for resentencing in light of the Supreme Court of Ohio's intervening decision in *State v Foster*, which was issued while the case was pending. ECF No. 10-5 at 61-65.  Upon remand post-*Foster*, the trial court resentenced Petitioner to the same aggregate nineteen year sentence.  ECF No. 10-5 at 66-68.

It is well established that the *Ex Post Facto* Clause "does not of its own force apply to the Judicial Branch of government."[7] *Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (internal citations omitted).  Additionally, the United States Supreme Court has held that State supreme courts are barred by the Due Process Clause from violating *ex post facto* principles through judicial remedies.  *Id.*  For this reason alone, Petitioner's *Ex Post Facto* Clause challenge fails.  *See Webb v. Mitchell*, 586 F.3d 383, 392 (6th Cir. 2009); *see also Hooks v. Sheets*, 603 F.3d 316, 320-21 (6th Cir. 2010).

Similarly, Petitioner's Due Process Clause challenge fails.  The Sixth Circuit has explained that "when addressing *ex post facto*-type due process concerns, questions of notice, foreseeability, and fair warning are paramount.  Courts are concerned about notice, forseeability, and fair warning because it is expected that both statutes and judicial interpretations of those

---

[7] The *Ex Post Facto* Clause forbids Congress from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."  *U.S. v. Ristovski*, 312 F.3d 206, 210 (6th Cir. 2002) (internal citations and quotations omitted).  No *ex post facto* violation occurs if a change in the law does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance."  *Id.* (internal citations omitted).

(5:09CV01272)

statutes affect the behavior of the public." *U.S. v. Barton*, 455 F.3d 649, 654-55 (6th Cir. 2006) (internal citations and quotations omitted). Here, Petitioner does not argue that he was ignorant of the law under which he was convicted, nor does he argue that the law is vague or otherwise failed to put him on notice as to either the prohibited conduct or the possible penalty he faced. The record reflects that pre-*Foster*, Petitioner was on notice that he could receive a nineteen-year sentence for his actions if the court were to make certain findings. The State court's reimposition of that very sentence post-*Foster* was neither "unexpected [nor] indefensible by reference to the law" that applied when Petitioner committed his offense. *See Ruhlman v. Brunsman*, 664 F.3d 615, 621 (6th Cir. 2011) (internal citations omitted).

Petitioner's objection to the Report and Recommendation regarding Ground Two is overruled.

### 3. Ground Three: Failure to Suppress Evidence

Petitioner contends that he did not receive a "full and fair" opportunity to litigate a Fourth Amendment claim because counsel failed to "meaningful[ly] challenge the search warrant" to ultimately suppress the evidence. ECF No. 22 at 3. In his Traverse, Petitioner explains that he "asked counsel repeatedly to suppress evidence that could have played a crucial part in the [] case." ECF No. 20 at 2. Petitioner asserts that "[n]o suppression hearing was awarded . . . even though requested." ECF No. 22 at 3.

As previously explained, because Petitioner failed to raise his argument regarding counsel's failure to raise a Fourth Amendment violation before the magistrate judge, his objections are not properly before the Court.

21

(5:09CV01272)

Even assuming, *arguendo*, that Petitioner had raised this argument in his Traverse, the

record reflects that counsel filed a suppression motion that was heard on the merits and

overruled. ECF No. 10-1 at 51-55, 57-58. The Court may only grant habeas relief to Petitioner if

it finds that the trial court's decision was "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States" or

"was based on an unreasonable determination of the facts in light of the evidence that was

presented in the State court proceeding." 28 U.S.C. § 2254(d). In the instant case, Petitioner has

failed to allege a violation of either type. Therefore, Petitioner's objection to the Report and

Recommendation regarding Ground Three is overruled.

### 4. Ground Four: Improperly Permitting Exhibits Entered into Evidence

In Ground Four, Petitioner objects to the entry of evidence—namely that the jurors'

relationship with the prosecutor and admission of an incriminating videotape—arguing that such

evidence rendered his entire trial fundamentally unfair, which ultimately denied him due process

under the Fifth and Fourteenth Amendments. ECF No. 22 at 4.

In his Report, the magistrate judge correctly explains the that a State court's violation of

its own evidentiary law does not, alone, provide grounds for habeas relief. ECF No. 21 at 13

(citing *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007)). However, if the entry of evidence

is so prejudicial as to render the entire proceeding "fundamentally unfair," thereby denying due

process under the Fifth and Fourteenth Amendments, a violation of federal law exists and is

reviewable by the court. ECF No. 21 at 13 (citing *Bey*, 500 F.3d at 519-20).

Petitioner's objections to the entry of evidence are not reviewable by the court.

22

(5:09CV01272)

Petitioner's argument that the jurors relationship with the prosecutor renders the entire proceeding "fundamentally unfair" is not so prejudicial as to render the entire proceeding "fundamentally unfair" because the Court previously determined that Petitioner failed to show that the jurors' relationship with the prosecutor was prejudicial.  Additionally, Petitioner failed to argue against the admittance of the videotapes before the magistrate judge, and, thus, his objections are not properly before the Court.[8]  *See* ECF No. 21 at 14 ("Petitioner does not provide supporting facts or specific instances in which admission of evidence was proper. Petitioner provides no basis on which this court could determine the trial was fundamentally unfair.").

Petitioner's objection to the Report and Recommendation regarding Ground Four is overruled.

### 5. Ground Five:  Improper Denial of Motion for Acquittal

In Ground Five, Petitioner avers that the evidence is insufficient to prove every element of Petitioner's first-degree possession of cocaine and first-degree trafficking of cocaine charges

---

[8] According to the Sixth Circuit, "[c]ourts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." *Murr v. U.S.*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (internal citations omitted); *see Becker v. Clermont Cnty. Prosecutor*, Case No. 10-4342, 2011 WL 5061410, at *2 (6th Cir. Oct. 25, 2011) ("[T]his request was not made until he filed objections to the magistrate judge's report and recommendation, and need not be considered by this court because it was not first presented to the magistrate judge for consideration."); *see also The Glidden Co. v. Kinsella*, Case No. 09-3599, 2010 WL 2803944, at *8 (6th Cir. July 15, 2010) ("In *Murr v. United States*, however, the Court indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver. 200 F.3d 895, 902 n.1 (6th Cir. 2000).").

(5:09CV01272)

beyond a reasonable doubt; and thereby, the State court erroneously overruled his motion for acquittal. ECF No. 22 at 4-5.

Petitioner's objection takes issue with the magistrate judge's finding, but treads no new ground. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Therefore, Petitioner's objection to the Report and Recommendation regarding Count Five is overruled. The Report and Recommendation is adopted relative to Ground Five.

### 6. Ground Six: Improper Denial of a Continuance to Prepare Defense

Petitioner alleges an abuse of discretion by the trial judge when the judge failed to grant defense counsel a continuance. ECF No. 22 at 5. The magistrate judge correctly stated that federal courts do not sit as appellate courts to review abuses of discretion of state courts. ECF No. 21 at 19 (citing *Bloss v. Michigan*, 421 F.2d 903, 906 (6th Cir. 1970)). The magistrate judge also explained that "when an error rises to the level of depriving the defendant of fundamental fairness in the trial process, the claim is remediable" by habeas relief. ECF No. 21 at 19 (citing *Serra v. Mich. Dept. of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). The magistrate judge found that Petitioner has indicated nothing in the record suggesting that he was prejudiced by the trial court refusing to grant a continuance. ECF No. 21 at 19.

Petitioner objects that the record as a whole demonstrates that counsel was "not prepared to proceed to trail" and "multiple, crucial errors were made" by counsel. ECF No. 22 at 5. As a result, Petitioner states that "[c]learly there is a presumption of prejudice[.]" ECF No. 22 at 5.

24

(5:09CV01272)

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the Report and Recommendation that are legitimately in contention. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate[] [judge's] recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). Here, Petitioner's objections to the magistrate judge's Report are vague and conclusory. ECF No. 22 at 5.

Despite being under no legal obligation to do so, the undersigned has reviewed the analysis of the magistrate judge relative to Ground Six–Erroneous Refusal to Grant Continuance tp Prepare Defense–and found the Report and Recommendation factually and legally accurate. Petitioner's Ground Six is without merit.

## IV. Conclusion

The Court hereby adopts, in its entirety, the Report and Recommendation (ECF No. 21), and overrules Petitioner's objections (ECF No. 22). Based upon the record before the Court, there is no need for an evidentiary hearing. For the reasons stated above, Douglas Sanders' Petition for Habeas Corpus (ECF No. 1) is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

25

(5:09CV01272)

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

June 29, 2012
Date

Benita Y. Pearson
United States District Judge

26